**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JANICE SHANTIA BLANCHARD,
ADC #713670**                                                                                 **PLAINTIFF**

**V.**                         **CASE NO. 4:16-CV-315-SWW-BD**

**BROWN**                                                                                        **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Discussion**

    A.     Background

Janice Shantia Blanchard, an Arkansas Department of Correction inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In her Complaint, Ms. Blanchard alleges that Defendant Brown tripped her in front of other inmates, causing her pain and embarrassment. Ms. Blanchard states that Defendant

Brown laughed when the incident occurred, but told Ms. Blanchard that she had not tripped Ms. Blanchard "on purpose." (#2 at p.1)

Defendant Brown has now moved to dismiss Ms. Blanchard's claims against her. She argues that, based on the face of the Complaint, it is clear that Ms. Blanchard failed to fully exhaust her administrative remedies before filing this lawsuit; her alleged conduct fails to rise to a constitutional level; and she is entitled to both sovereign and qualified immunity. (#8) Ms. Blanchard has not responded to Defendant Brown's motion, and the time for doing so has passed.

The Court recommends that Defendant Brown's motion to dismiss (#8) be GRANTED. Ms. Blanchard's claims should be DISMISSED, without prejudice, based on her failure to exhaust her administrative remedies.[1]

B.  Exhaustion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the

---

[1] See *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court erred when it dismissed the case, with prejudice, on the merits without first considering the exhaustion issue, and dismissing without prejudice); *Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion).

proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").  Neither the inmate's subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement.  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

"[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218; see also *Woodford*, 548 U.S. at 91.  Therefore, to satisfy the PLRA's exhaustion requirement, a prisoner must fully comply with the specific procedural requirements of the prison or jail where he is held.  *Id.*

The complaint form used by Ms. Blanchard to file this lawsuit requires the prisoner to state whether he or she filed a grievance "as required by the prisoner's administrative remedy procedure."  (#2 at p.2)  On her Complaint, Ms. Blanchard indicated that she had exhausted her administrative remedies, but went on to explain that, "[t]hey sent it bk[sic] to go to step II, I signed it n[sic] sent it bac![sic] haven't got it back."  (*Id*.)

Based on this concession, Defendant Brown argues that it is clear from the face of the Complaint, that Mr. Blanchard had not completed the grievance process with regard to the claims raised in this lawsuit.  See *Hill v. Burl*, Case No. 2:10cv120, 2011 WL 5856997 (E.D. Ark. Oct. 31, 2011) (dismissing inmate's claims raised under 42 U.S.C.

§ 1983 when inmate admitted that he had not exhausted his administrative remedies prior to filing suit in his complaint).

The Court is thoroughly familiar with the ADC's grievance procedure. "In order to fully exhaust an ADC grievance, an inmate must timely file an informal resolution, a formal grievance, and a grievance appeal to the unit warden, as well as the ADC Assistant or Deputy Director." *Bridgeman v. Neldon*, Case No. 1:15cv11, 2015 WL 2374159 (E.D. Ark. May 18, 2015). Here, Ms. Blanchard specifically states that, although she had completed step II of the grievance procedure (presumably the formal grievance), she had not received a response. Therefore, it is evident that Ms. Blanchard filed this lawsuit before completing all steps of the ADC's inmate grievance procedure.[2]

## III. Conclusion

The Court recommends that Defendant Brown's motion to dismiss (#8) be GRANTED. Ms. Blanchard's claims should be DISMISSED, without prejudice, based on her failure to exhaust her administrative remedies.

DATED this 17th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that "[t]he ADC grievance procedure . . specifically allows an inmate to proceed to the next level of the grievance process if the inmate is not contacted about a resolution of his complaint, or if he does not receive a response to his grievance within a set time period." *Green v. Scales*, No. 2:14cv44, 2014 WL 6633649, at *2 (E.D. Ark. Nov. 21, 2014)