IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JANICE SHANTIA BLANCHARD,
ADC #713670                                                                                        PLAINTIFF

V.                           CASE NO. 4:16-CV-315-SWW-BD

BROWN                                                                                              DEFENDANT

## ORDER

The Court has received the Recommended Disposition ("Recommendation") filed by Magistrate Judge Beth Deere. After careful review of the Recommendation, Ms. Blanchard's timely objections, as well as a *de novo* review of pertinent portions of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects.

Defendant Brown's motion to dismiss (docket entry #8) is GRANTED. Ms. Blanchard's claims are DISMISSED, WITHOUT PREJUDICE, based on her failure to fully exhaust her administrative remedies prior to filing suit.[1]

---

[1] As explained in the Recommendation, the Arkansas Department of Correction's grievance procedure entails three steps. At step one, the inmate must file a timely informal resolution; at step two, the inmate must file a formal grievance; and at step three, the inmate must appeal to both the unit warden and the ADC Assistant or Deputy Director. On her complaint form, Plaintiff provided a "Yes" responses to questions asking whether she had filed a grievance and whether she had appealed, but Plaintiff added: "They sent it [back] to go to Step II[.] I signed it [and] sent it back! *I haven't got it back*." *Id*.(emphasis added).

With her objections, Plaintiff states that she has completed all steps of the grievance procedure. However, accepting the complaint allegations as true, Plaintiff had not completed the administrative grievance process, specifically step three, prior to filing this lawsuit. The Eighth Circuit has instructed:

IT IS SO ORDERED this 14th day of September, 2016.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE

---

Under the plain language of [42 U.S.C. § 1997e(a)], an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).